**May GRAHAM, Plaintiff,**

v.

**Michael A. COLLIER and Lorraine E. Yazbeck, Defendants.**

**Civ. A. No. 87–282–JLL.**

United States District Court, D. Delaware.

June 30, 1988.

Francis J. Murphy of Ashby, McKelvie & Geddes, Wilmington, Del., for plaintiff.

Mason E. Turner, Jr., of Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, Del., for defendant Collier.

Gary W. Aber of Heiman, Aber and Goldlust, Wilmington, Del., for defendant Yazbeck.

### MEMORANDUM OPINION

LATCHUM, Senior District Judge.

This is a civil action based on diversity of citizenship [1] brought by the plaintiff, May Graham, against the defendants, Michael A. Collier and Lorraine E. Yazbeck, seeking to recover money damages for personal injuries allegedly sustained as a result of a three-car collision which occurred on May 26, 1985. All discovery on the issue of liability has been completed pursuant to this Court's Rule 16 Scheduling Orders.[2]

Before the Court is defendant Yazbeck's motion for summary judgment.[3]

---

**1.** Plaintiff is a District of Columbia citizen, defendant Collier is a citizen of the State of Delaware, and defendant Yazbeck is a citizen of the Commonwealth of Pennsylvania; the amount in controversy is alleged to exceed $10,000 exclusive of interest and costs.

**2.** Some discovery relating to damages may be completed before June 30, 1988.

**3.** Briefing on the summary judgment motion was completed on June 16, 1988. The parties have not requested oral argument and the Court

## I. STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) provides that a party is entitled to summary judgment "where the pleadings, depositions, answer to interrogatories and admissions on file together with affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Before the United States Supreme Court ruled on the provisions of Rule 56(c) in 1986, many federal courts were hostile towards summary judgment motions, considering them to be a "drastic remedy" which should be denied on the slightest inference that a factual conflict existed. *See, e.g., Ness v. Marshall,* 660 F.2d 517, 519 (3d Cir.1981); Comments of the 1963 Advisory Rule Committee Comment on Rule 56(c).

The two Supreme Court decisions released on the same date, *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), and *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), clearly pointed out the error of giving Rule 56 such a restrictive reading. For example, in the *Celotex* case, *supra* at 265–66, 106 S.Ct. at 2519, the Supreme Court admonished lower federal courts that Rule 56(c) was designed to *facilitate* the granting of summary judgment and that they should not interpret *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970) as authority for requiring conditions which make it *more difficult* to grant such motions.

Specifically, the Supreme Court in *Celotex* stated:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

477 U.S. at 322–23, 106 S.Ct. at 2553.

Thus, the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the standard to be applied on a motion for summary judgment is akin to the standard for a directed verdict: "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party may prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2511–12, 91 L.Ed.2d 202 (1986). With these concepts in mind, the Court turns to the facts of this case.

## II. FACTS

The undisputed facts may be summarized as follows: On Sunday, May 26, 1985, at approximately 3:30 p.m., plaintiff Graham was a passenger in an automobile operated by Yale Zimelman (Docket Item ["D.I."] 1, ¶ 5; D.I. 10, ¶ 5.) The Zimelman vehicle was traveling in the eastbound lanes of State Route 1A, a dual highway, towards Rehoboth, Delaware. (*Id.*) It was Memorial Day weekend, traffic was heavy on Route 1A, and was a "stop and go situation." (D.I. 36, App. B1–2.) Behind Zimelman's vehicle was an automobile driven by defendant Yazbeck and immediately behind the Yazbeck's automobile was the automobile driven by the defendant Collier; all three vehicles were proceeding easterly on Route 1A towards Rehoboth. (D.I. 1, ¶ 6; D.I. 10, ¶ 6.) As the Zimelman vehicle, in which Graham was a passenger, came to a stop, the second vehicle in line operated by Yazbeck also came to a complete stop

finds no oral argument is necessary. Local Civil Rule 3.1 F.

directly behind the Zimelman–Graham vehicle. (D.I. 35, App. A6, 7, 9.) The Zimelman and Yazbeck vehicles were stopped only for a few seconds (D.I. 36, App. B2; D.I. 35, App. A6, 7, 8), when the Collier vehicle struck the rear end of the Yazbeck car and impelled it into the rear of Zimelman's vehicle, even though at that time Yazbeck had her foot on the brake of her automobile. (D.I. 36, App. B3.) Collier testified at deposition that at the time he was drinking a soda, glanced down to set his cup on the console, and when he looked up, he noticed the vehicles in front of him were stopped; he hit his brakes but hit the [Yazbeck] car in front of him and it [the Yazbeck car] hit the [Zimelman] car in front of the [Yazbeck] car. (D.I. 36, App. B3.)

## III. ANALYSIS

Count II of the complaint alleges that defendant Yazbeck was negligent in striking the rear of the car in which Graham was a passenger. Under Delaware law negligence is defined as the want of such care that a reasonably prudent and careful person would exercise under similar circumstances. Here the evidence of all witnesses to the accident (the drivers and passengers) who testified at deposition indicate that both the Zimelman and Yazbeck vehicles had come to a complete and full stop without contact. They came into contact only after Collier's vehicle struck the rear of the Yazbeck car and drove it into the Zimelman vehicle.

■ The only argument advanced by plaintiff Graham in resisting Yazbeck's summary judgment motion is that (1) Count II of the complaint alleges that Yazbeck was following the Zimelman car too closely, and (2) that the police investigation report prepared by State Trooper William West indicated that Yazbeck's vehicle as "slowing and attempting to stop" behind Zimelman's car. (D.I. 36 at 6.) This argument is not sufficient to bar summary judgment. First, a party may not rely on averments in a complaint to create a dispute of fact, particularly when all witnesses involved in the accident were deposed under oath and agreed that the Yazbeck vehicle was fully stopped when it was struck in the rear by the Collier vehicle and propelled into the Zimelman vehicle. Second, the police investigation report by Delaware statute is privileged in that it shall not be "admissible in evidence for any other purpose [other than for statistical information] in any trial civil or criminal arising out of such accident." 21 *Del.C.* § 313(b). Thus, under Rule 501, Fed.R.Evid., the police investigating report is privileged under Delaware law and is not admissible in this diversity action controlled by Delaware law. *Samuelson v. Susen,* 576 F.2d 546, 549 (3d Cir.1978). But even more important is the testimony of Trooper West who prepared the report after the accident occurred. He testified at deposition that he did not know where he obtained the notation in his report that the Yazbeck vehicle was proceeding at two miles per hour. (D.I. 40, App.) The Court finds that, due to the privileged nature of the investigation report, and because the Police Officer does not recall where he obtained that information, there is no genuine issue of any material fact in dispute and Yazbeck is entitled to summary judgment as a matter of law. Plaintiff has failed to make a sufficient showing of an essential element of her case, namely, that Yazbeck was in any way negligent. The same result would be reached after plaintiff's case on Yazbeck's motion for a directed verdict.

An order granting defendant Yazbeck's motion for summary judgment will be entered in accordance with this Memorandum Opinion.